# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRELL PECK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:15CV961 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Order to Show Cause, as well as his supplemental memorandum. [Doc. #3 and #4]. Having carefully reviewed movant's filings, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255(f)(1).

## Background

On February 25, 2013, movant pled guilty to two counts of possession of child pornography. On August 1, 2013, the Court sentenced movant to 120 months' imprisonment on each of counts one and two, such terms to be served concurrently. Movant did not appeal.

The instant motion to vacate was placed in the prison mail system by movant on June 10, 2015. Because the motion was filed beyond the applicable statute of limitations, the Court ordered movant to show cause why the motion should not be dismissed as time-barred. Movant filed a timely response to the Order to Show Cause.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a motion to vacate is subject to a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because movant did not appeal the August 1, 2013 judgment, his conviction became final fourteen (14) days later, when the period for filing a notice of appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005);Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on August 15, 2013. The instant motion was placed in the prison mail system by movant on June 10, 2015. Therefore, it is time-barred.

In his response briefs, movant asserts the following grounds for equitable tolling: (1) there was an absence of probable cause to charge him; (2) his plea was involuntary; (3) he was subjected to a due process violation during his criminal proceedings because this Court lacked jurisdiction over his case; (4) he received ineffective assistance of counsel; and (5) he was actually innocent of the crime for which he was charged.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the movant into

2

inaction. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." *Id.* at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Movant's first three arguments for equitable tolling cannot sustain a basis for relief, as these assertions are substantive arguments relative to his § 2255 motion and do not illustrate "an extraordinary circumstance beyond movant's control" making it impossible to file his § 2255 petition on time. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). As such, the Court will turn to movant's claim that he should be provided equitable tolling on the basis of ineffective assistance of counsel.

Movant claims that his attorney essentially abandoned him during his criminal case by failing to provide "meaningful representation." He asserts that he did not "explain" things in a meaningful way and did not challenge his arrest or indictment. Movant also takes issue with his plea deal, asserting that it was "unfavorable."

Movant does not allege that the **Government** lulled him into inaction with regard to filing his § 2255 petition late. Thus, the first question is whether extraordinary circumstances beyond movant's control precluded him from filing his motion. Despite his broad claims of "ineffective assistance of counsel," movant has not suggested that his attorney played some role

3

in him missing the filing deadline. Instead, movant's complaints about his attorney's performance relate to an alleged poor performance during his criminal proceedings, not in his post-judgment performance. Given that movant has not stated that his counsel interfered with his ability to file his collateral proceedings, the Court cannot grant him equitable tolling on these grounds.

Movant's final ground for equitable tolling is that he is actually innocent of the criminal charges. In *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the United States Supreme Court held that an actual innocence claim may qualify as an equitable exception gateway for federal habeas review of a petition filed after the one-year statute of limitations period has expired.

The exception requires a petitioner to present a viable claim of actual innocence based on new evidence and "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). The Court noted the actual innocence gateway standard is demanding and seldom met. *Id.* at 1928. "The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." *Id.* at 1936. (internal quotation and citation omitted).

In order to avoid a dismissal of his untimely petition under the *McQuiggin* standard, movant must establish that his alleged "new evidence" would more likely than not convince a jury to acquit movant.[1] After reviewing movant's arguments in his brief, the Court finds that movant has not presented any "new evidence" in this instance. Instead, movant merely attempts

---

[1] A freestanding claim of actual innocence is not a recognized ground for federal habeas relief.

to resurrect procedural arguments that were only available to him in the pretrial phase of his criminal proceedings, attacking his arrest, the indictment and his plea in an attempt to seek release from his confinement. Such arguments cannot form the basis for a *McQuiggin* actual innocence gateway claim to federal habeas review, as they do not qualify as "new evidence" sufficient to form the grounds for equitable tolling.

In light of the aforementioned, movant's motion to vacate will be denied and dismissed as time-barred. Additionally, no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. motion is time-barred.

**IT IS FURTHER ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED as time-barred**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of September, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE