**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DARRELL PECK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | No. 4:15-CV-961 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

### MEMORANDUM AND ORDER

Before the Court is movant's pro se motion "for acquittal." The Court has reviewed movant's motion in its entirety and will deny and dismiss it as an attempt to file a second or successive motion to vacate without permission from the Eighth Circuit Court of Appeals. *See* 28 U.S.C.§§ 2244 and 2255.

### Background

On February 25, 2013, movant pled guilty to two counts of possession of child pornography. *United States v. Peck*, No. 4:12-CR-368 ERW (E.D.Mo. 2013). On August 1, 2013, the Court sentenced movant to 120 months' imprisonment on each of counts one and two, such terms to be served concurrently. Movant did not appeal. *Id.*

On June 15, 2015, movant filed his first motion to vacate his conviction and sentence. *Peck v. United States*, No. 4:15-CV-961 ERW (E.D.Mo.). The Court denied and dismissed his motion to vacate as time-barred on September 17, 2015. *Id.* He was denied a certified of appealability by the Eighth Circuit Court of Appeals on January 2, 2016. *See Peck v. United States*, No. 15-3357 (8th Cir. 2016).

On June 29, 2017, movant filed the instant pro se "motion for acquittal" seeking to have his conviction overturned. In his motion, movant asserts that in a new Supreme Court case, *Lee v. United States*, 137 S.Ct.1958 (2017), "the Supreme Court refines the prejudice inquiry for guilty plea ineffectiveness claims. He states that if *Lee*, were applied, movant would be able to demonstrate that his counsel improperly advised him to go to trial in his criminal proceedings as a result of a variety of factors, in violation of his Sixth Amendment rights. In his motion for acquittal, movant specifically seeks to have his conviction overturned and asks to be released from custody. Such relief can only be sought under 28 U.S.C. § 2255.

## Discussion

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *E.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief. Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed. Additionally, no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that movant's pro se "motion for acquittal," which is in fact a successive motion to vacate his conviction [Doc. #15] is **DENIED AND DISMISSED AS SUCCESSIVE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of July, 2017.

_E. Richard Webber_ (signature)

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE